1

2

3

4              **UNITED STATES DISTRICT COURT**

5                    **DISTRICT OF NEVADA**

6

7   U.S. BANK NATIONAL ASSOCIATION    v.    )    **Base Case File No.:**
    JOHNNY A RIBIERO, JR.,                   )    **2:11-cv-01534-JCM-PAL**
8                                            )
                                             )
9   _____ )
    THIS DOCUMENT RELATES TO:                )
                                             )
10  *U.S. Bank National Association v. Johnny A.*   )    Case No. 2:11-cv-01540-KJD-VCF
    *Ribiero, Jr., et al.*                   )
11                                           )
    *U.S. Bank National Association, as Trustee,*   )    Case No. 3:11-cv-00689-RCJ-WGC
12  *Successor-in-Interest to Bank of America, N.A., as*   )
    *Trustee, Successor by Merger to Lasalle Bank*   )
13  *National Association, as Trustee, for the Registered*   )
    *Holders v. The Johnny A. Ribiero, Jr. Family Trust,*   )
14  *As Amended, et al.,*                    )
                                             )
15  *U.S. Bank National Association, as Trustee,*   )    Case No. 3:11-cv-00690-HDM-VPC
    *Successor-in-Interest to Bank of America, N.A., as*   )
16  *Trustee, Successor by Merger to Lasalle Bank*   )
    *National Association, as Trustee, for the Registered*   )
17  *Holders v. The Johnny A. Ribiero, Jr. Family Trust,*   )
    *As Amended, et al.,*                    )
18                                           )
    *U.S. Bank National Association, as Trustee,*   )    Case No. 3:11-cv-00691-RCJ-WGC
19  *Successor-in-Interest to Bank of America, N.A., as*   )
    *Trustee, Successor by Merger to Lasalle Bank*   )
20  *National Association, as Trustee, for the Registered*   )
    *Holders v. The Johnny A. Ribiero, Jr. Family Trust,*   )
21  *As Amended, et al.,*                    )
                                             )
22  *U.S. Bank National Association, as Trustee,*   )    Case No. 3:11-cv-00695-RCJ-VPC
    *Successor-in-Interest to Bank of America, N.A. as*   )
23  *Trustee Successor to Wells Fargo Bank, N.A. as*   )
    *Trustee, for the registered Holders of GS Mortgage*   )
24  *Securiti v. Johnny A. Ribiero, Jr., et al.,*   )
                                             )
25  *U.S. Bank National Association, as Trustee,*   )    Case No. 3:11-cv-00696-RCJ-WGC
    *Successor-in-Interest to Bank of America, N.A. as*   )
26  *Trustee Successor to Wells Fargo Bank, N.A. as*   )
    *Trustee, for the registered Holders of GS Mortgage*   )    **ORDER**
27  *Securit v. Johnny A. Ribiero, Jr., et al.,*   )
    _____ )
28

1    Before the court is the Plaintiff's Motion to Consolidate (Dkt. 8).  In an Order (Dkt. #17), the

2    court granted Plaintiff's request for a telephonic status conference, and set this matter for hearing on

3    January 5, 2012.  The court also entered an Order (Dkt. #18) setting the Motion to Consolidate for

4    hearing at the same time.  Ann McLoughlin was present on behalf of the Plaintiff.  Roger Croteau was

5    present on behalf of the Defendant.  The court has considered the Motion, Defendant's Opposition

6    (Dkt. #14), Plaintiff's Reply (Dkt. #15), and the arguments of counsel at the hearing conducted on

7    January 5, 2012.  The motion to consolidate was referred to the undersigned by the district judge for a

8    decision pursuant to LR IB 1-3 and 28 U.S.C. § 636(b)(1)(A).

9                                                    **BACKGROUND**

10    The Complaint (Dkt. #1) in this case was filed September 23, 2011, and involves an action

11    brought by the Plaintiff, as Trustee and Successor to Wells Fargo Bank to recover a defaulted loan

12    guaranteed by Johnny A. Ribiero, Jr., the Defendant.  Plaintiff seeks to consolidate this case with six

13    other pending cases, five of which were filed in the unofficial northern division of the District of

14    Nevada, and one other which was filed in the unofficial southern division.  Plaintiff is a Trustee for

15    various bond holders who ask to consolidate this case with six other pending cases in which it is the

16    Plaintiff.  Plaintiff claims that all seven actions should be transferred and consolidated to the unofficial

17    southern division of the court because the same Plaintiff is named in each action, and the same group of

18    related Defendants are named in each action.  Johnny Ribiero, Jr., is a Defendant in each of the seven

19    cases.  LoraLee Ribiero is a Defendant in three of the seven actions, the Ribiero Family Trust is a

20    Defendant in six of the seven actions, the LoraLee Ribiero 2000 Trust is a Defendant in three of the

21    seven actions, and Terceira Consulting, Inc. is a Defendant in two of the seven actions.  Defendant

22    Johnny Ribiero is the president of Terceira.

23    Plaintiff argues that consolidating all of these actions for all purposes will promote efficiency

24    and save time, money and resources.  Each of the seven actions involve guarantees executed by the

25    Defendants who are all related.  Each of the seven complaints allege identical claims for breach of

26    contract and breach of the implied covenant of good faith and fair dealing.  Loan documents in six of

27    the seven cases are identical, but vary from the loan documents executed in this case.  In all seven

28    cases, the Plaintiff's predecessor-in-interest loaned money to a limited liability company owned or

1   controlled by the Defendant Borrowers.  Each loan was secured by a Deed of Trust and Guarantee.

2   Plaintiff claims that the borrower in each of the seven loans either misappropriated rents or other

3   income which were part of the Plaintiff's collateral immediately prior to defaulting on the loans, or that

4   the borrowers are withholding rents and other income from the property securing the loan and refusing

5   to turn them over to the Plaintiff, or both.

6        In all seven cases Plaintiff claims that the Defendants made distributions which either violated

7   the contractual agreements between the parties or "violated the agreements in spirit" in March 2011.

8   Plaintiff also claims that the borrowers defaulted on all seven loans in April 2011.  Under these

9   circumstances, Plaintiff contends there are identical questions of fact in all seven cases, and that they

10  should be consolidated under Fed.R.Civ.P. 42(a).  Plaintiff also relies on the provisions of L.R. IA 8-

11  1(c) which gives this court authority in its discretion to direct that proceedings or trial take place in a

12  division other than the district where the case was filed.  All seven properties involved in these cases

13  are located either in Washoe County, or Clark County.  Pursuant to 28 U.S.C. § 1392, any civil action

14  involving property located in a different district in the same State may be brought in any of such

15  districts.  Counsel for both sides are located in Las Vegas, Nevada.  The Defendants and witnesses are

16  also located in Las Vegas and consolidating these actions for all purposes would promote judicial

17  economy and save the time, resources and money of the court and the parties.  Plaintiff also argues that

18  consolidating all seven actions will avoid potentially inconsistent rulings and that consolidating the

19  cases before one district judge and one magistrate judge will be more efficient, and avoid potentially

20  inconsistent rulings.

21       Defendants oppose the motion to consolidate pointing out that they have filed motions to

22  dismiss, or in the alternative, motions to remand these cases to state court.  The Defendants seek to

23  remand these cases because the Plaintiff previously submitted to the jurisdiction of the state court.  If

24  these cases are remanded to state court, this motion to consolidate would be rendered moot.  Defendants

25  do not dispute that transfer to the unofficial southern division for discovery purposes would be more

26  convenient to the parties.  Defendants acknowledge that the majority of the parties and the witnesses in

27  all seven cases are located in Las Vegas.  Defendants also acknowledge that the cases could have been

28  initially filed in Southern Nevada, and suspect Plaintiff filed five of the seven cases in the unofficial

1    northern division because five of the properties involved in these cases are located in Washoe County.

2    Defendants agree that it would be appropriate to transfer these cases to Southern Nevada, but argue it is

3    not appropriate to consolidate these cases with each other.  If the court determines some consolidation

4    is appropriate, Defendants ask that the court transfer these cases for discovery and "administrative"

5    purposes only.

6          Defendants also maintain that consolidating each of these seven cases for all purposes is

7    potentially prejudicial to the Defendants because there are significant factual differences in each case.

8    Although the Defendants acknowledge that all of the named Defendants are related, they are not

9    identical.  Additionally, the Plaintiff is not identical in each case.  US Bank is suing in its capacity as a

10   trustee and successor on behalf of a group of four separate investors.  Thus, in actuality, there are four

11   separate groups of Plaintiffs, and therefore different persons and entities will be responsible to make

12   decisions regarding prosecution of these actions.  Defendants concede that the loan documents are

13   identical in six of the seven cases.  However, the loan documents in the case in which the motion to

14   consolidate was filed are different and it would therefore be inappropriate to consolidate this case with

15   the others.

16         Plaintiff replies that Defendants admit all seven actions involved related Defendants, and that

17   six of the seven actions involve identical loan documents.  Defendants also agree that consolidation for

18   discovery will save the parties and the court time and money.  Plaintiff disputes that the Defendants will

19   be prejudiced by consolidation.  The trier of fact is competent to determine whether some of the

20   distributions made by the Defendants were appropriate while others were not.  To the extent that

21   evidence is admissible against some Defendants but not others, an appropriate jury instruction will cure

22   any potential prejudice.  Finally, Plaintiff argues that if the circumstances warrant at a later time, the

23   court can remand for separate trials pursuant to Rule 42(b).  Plaintiff emphasizes that these cases have

24   been assigned to four different district judges and four different magistrate judges, and that it would be

25   wasteful of time, money and effort to have these similar cases proceed before different judges.  If the

26   court determines the cases should not be consolidated, Plaintiff requests that all seven actions be

27   coordinated before a single judge for discovery and case management purposes pursuant to LR 7-2.1.

28   / / /

4

1

## DISCUSSION

2    Fed.R.Civ.P. 42(a) gives the trial court broad discretion to consolidate actions before the court

3    which involve common questions of law or fact.  *See* 9A Wright and Miller, *Federal Practice and*

4    *Procedure*, § 2381, 3d Ed., collecting cases.  Rule 42(a) provides:

5    **Consolidation**.  If actions before the court involve a common question of law or fact,
     the court may:

6            (1) join for hearing or trial any or all matters at issue in the actions;
             (2) consolidate the actions; or

7            (3) issue any other orders to avoid unnecessary cost or delay.

8    Additionally, LR 7-2.1 governs local practice on related cases in which a request is made for

9    assignment to a single judge and/or magistrate judge.  It provides, in pertinent part:

10   An action may be considered to be related to another action when:

11   (a) Both actions involve the same parties and are based on the same or similar claim;

12   (b) Both actions involve the same property, transaction or event;

13   (c) Both actions involve similar questions of fact and the same question of law and their
     assignment to the same district judge and/or magistrate judge is likely to effect a

14   substantial savings of judicial effort, either because the same results should follow in
     both actions or otherwise; or

15

16   (d) For any other reasons, it would entail substantial duplication of labor if the actions
     were heard by different district judges or magistrate judges.  The assigned judges will
     make a determination regarding the consolidation of the actions.

17

18   Having reviewed and considered the moving and responsive papers and the arguments of

19   counsel, the court will grant the motion to consolidate this case for all pretrial case management,

20   discovery and summary judgment purposes before the same district judge and magistrate judge.  The

21   court will deny the motion to consolidate all seven cases for trial without prejudice.  The court finds

22   that all seven cases involve similar questions of fact and the same questions of law, and that their

23   assignment to the same district judge and magistrate judge will effect substantial savings of judicial

24   effort.  Additionally, it would entail substantial duplication of labor if the actions were heard by

25   different district judges and magistrate judges.

26   All seven cases are at the identical stage of the litigation process.  Four of the cases were filed

27   September 23, 2011, and three were filed September 26, 2011.  No discovery has been initiated as the

28   parties were unable to agree on a discovery plan and scheduling order.  Six of the seven cases involve

1  identical loan documents.  All seven cases involve identical claims of breach of contract and breach of

2  the covenant of good faith and fair dealing.  The Defendants concede they are all related entities.  The

3  same Plaintiff is prosecuting all seven cases on behalf of various bond holders and investors.  The

4  Plaintiffs are represented by the same law firm, and all of the Defendants are represented by the same

5  counsel.  During the hearing on this motion, the court inquired whether counsel for the Defendants had

6  discussed the pros and cons of joint representation.  Mr. Croteau confirmed that he had and that both he

7  and all of his clients had concluded that there was no conflict of interest which precluded joint

8  representation.  The offices of counsel for both sides are in Las Vegas.  The witnesses are located in Las

9  Vegas.  During oral argument, counsel for Plaintiff represented that C.W. Capital has binding authority

10  on behalf of all of the Plaintiffs pursuant to a pooling and servicing agreement.

11      Identical motions to dismiss, or in the alternative, to remand have been filed in all seven cases.

12  In each of these seven motions, the Defendants argue the case should be dismissed, or in the alternative,

13  remanded to state court because the Plaintiff filed complaints in state court against the borrowers of

14  each of the properties involved in these federal actions.  The Plaintiff successfully moved the state court

15  for an order appointing a receiver to assume control over the properties as a result of the borrowers

16  alleged breach of the loan documents.  Defendants argue that all seven federal cases are substantially

17  similar to the state court actions, and should be dismissed, or in the alternative, remanded to the state

18  court and consolidated with the state court action under the Colorado River Abstention Doctrine.

19      For all of these reasons, this court concludes that consolidating all seven cases for pretrial case

20  management, discovery, and motion practice, including summary judgment, would accomplish the goal

21  of Rule 1 of the Federal Rules of Civil Procedure, "to secure the just, speedy and inexpensive

22  determination" of these actions.  Consolidation will allow all seven cases to proceed with common case

23  management, lessen the burden and expense on the parties, witnesses, and the court posed by multiple

24  lawsuits, reduce the length of time required to conclude multiple suits, and avoid the risk of inconsistent

25  adjudication of common factual and legal issues in pretrial discovery and dispositive motion practice.

26      Defendants claim that consolidating these actions for trial would be prejudicial because the

27  distributions of rents and other income Plaintiffs claim were improper involve fact-specific inquiries for

28  each of the seven properties.  The trier of fact may find that some of the distributions were appropriate

1    while some were not.  Defendants contend that because the individual circumstances of all seven

2    properties are different, and the reasons for the distributions are fact-specific, the jury will likely be

3    confused and may attribute alleged inappropriate distributions of one or more of the Defendants to all of

4    the Defendants.  At this stage of the litigation the court has insufficient information to make an

5    informed decision concerning whether all seven cases should be consolidated for trial.  During oral

6    argument counsel for the Defendants conceded that it might make sense to consolidate some of the

7    cases if they remain in federal court.  The court will therefore deny the motion to consolidate for trial

8    without prejudice after completion of discovery and adjudication of dispositive motions.

9          Pursuant to the requirements of LR 7-2.1(d), the undersigned has confirmed that all assigned

10   judges concur that consolidation of these actions for pretrial purposes is appropriate.

11         **IT IS ORDERED** that:

12         1.    The Motion to Consolidate (Dkt. #8) is **GRANTED in part** and **DENIED in part**.

13         2.    The motion is **GRANTED** to the extent that all seven cases are consolidated for pretrial

14               purposes, including case management, discovery and dispositive motion practice,

15               including motions for summary judgment.

16         3.    The seven cases are consolidated for pretrial purposes until further order of the court.

17               This order does not constitute a determination that these actions should be consolidated

18               for trial, nor does it have the effect of making any entity a party to an action in which it

19               has not been joined and served in accordance with the Federal Rules of Civil Procedure.

20         4.    **Master Docket and File**.  The clerk will maintain a master docket and case file under

21               **Master File No. 2:11-cv-01534-JCM-PAL**.  All orders, pleadings, motions, and other

22               documents will, when filed and docketed in the master file case, be deemed filed and

23               docketed in each individual case to the extent applicable.

24         5.    **Captions; Separate Filing.**  Orders, pleadings, motions and other documents will bear a

25               caption similar to that of this order.  If generally applicable to all consolidated actions,

26               they shall include in their caption the notation that they relate to "**ALL CASES**" and be

27               filed and docketed only in the master file.  Documents intended to apply only to

28               particular cases will indicate in their caption the case number of the case(s) to which

1    they apply and filed and docketed both in the master case file and the specified

2    individual case files.

3    6.    A status and discovery conference is set for January 19, 2012.  The court will address the

4    Parties' disputes about whether discovery should proceed before the district judge

5    decides the pending motions to dismiss, or in the alternative, to remand theses cases.

6    Dated this 9th day of January, 2012.

7

8    _____
     Peggy A. Leen

9    United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28