UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

U.S. BANK NATIONAL ASSOCIATION,

    Plaintiff,

v.

JOHNNY A. RIBEIRO, JR.,

    Defendants.

2:11-CV-1534 JCM (PAL)

**ORDER**

Presently before the court is defendant Johnny A. Ribeiro's motion to dismiss or, alternatively, to remand to state court. (Doc. #10). Plaintiff U.S. National Bank Association, successor in interest to Bank of America, N.A., in its capacity as a trustee ("USBNA"), filed an opposition to this motion. (Doc. #13).

**I.    Background**

This case arises out of the alleged failure of the guarantors of a promissory note to honor the guaranty after the borrower's default. On or about December 21, 2004 Tenaya Quail, LLC, ("borrower") borrowed $7,300,000 from Countrywide Commercial Real Estate Finance, Inc. *See* Compl. ¶ 9. On the same day, defendant Johnny A. Ribeiro, Jr. ("defendant" or "guarantor") executed an "Exceptions to Non-Recourse Guaranty" (the "guaranty"), guarantying the note. *See* Compl. ¶ 13. USBNA currently holds the note, the guaranty, and other loan documents. *See* Compl. ¶ 17. Borrower defaulted on April 11, 2011, and USBNA accelerated the note, notifying the

**James C. Mahan**
**U.S. District Judge**

1   borrower and guarantors of the default and acceleration.  *See* Compl. ¶ 18.

2   On or about August 2, 2011, USBNA filed a complaint in the Eighth Judicial District Court
3   for the State of Nevada against the borrower, seeking entry of an order appointing a receiver to
4   assume control over the property.  Mot. Dismiss 3:13-17.  That action resulted in an order placing
5   the subject property in receivership.  Mot. Dismiss 3:17-18.  On September 23, 2011, USBNA
6   demanded in writing that the guarantor immediately pay the full amount due on the note, $4,178,866,
7   but he has refused.  *See* Compl. ¶ 25.  USBNA then initiated this diversity action, alleging breach
8   of contract and breach of the implied covenant of good faith and fair dealing.

9   Defendant moves to dismiss, contending that this court lacks jurisdiction under the prior
10  exclusive jurisdiction doctrine.  Alternatively, defendant argues abstention is appropriate pursuant
11  to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

12  **II.    Discussion**

13  **A.    Prior Exclusive Jurisdiction Doctrine**

14  Under the prior exclusive jurisdiction doctrine, a federal court will dismiss property claims
15  for lack of jurisdiction where a state court has first exercised jurisdiction over the property at issue.
16  *See, e.g., Wolf v. Dist. Court*, 235 F. 69, 73 (9th Cir. 1916) (dismissing a later-filed federal complaint
17  regarding possession where a prior state complaint regarding ownership was pending).  In the present
18  case USBNA has sued the borrower in state court, and the state court has put the subject property
19  into receivership.  However, the case before this court is an in personam contract dispute, not a
20  dispute over property.  The present suit seeks monetary relief, not control or possession of property.
21  This case, therefore, does not conflict with the state court's control over the property at issue.  The
22  court, therefore, has jurisdiction.

23  **B.    *Colorado River* Abstention**

24  In the alternative, the defendant asks the court to abstain under *Colorado River*.  In that case,
25  the Supreme Court ruled that even when jurisdiction is not lacking, abstention may be appropriate
26  to promote "(w)ise judicial administration, giving regard to conservation of judicial resources and
27  comprehensive disposition of litigation." *Colorado River Water Conservation Dist. v. United States*.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

at 817.  The *Colorado River* doctrine is designed to increase the overall efficiency of related litigation in federal and state courts.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14-15 (1983).  The decision is "highly weighted in favor of the exercise of jurisdiction." *Id*. at 16.

This court, however, finds that the *Colorado River* doctrine is inapplicable to this case because there is no state court action that involves the same parties.  Rather, the state court action is a limited action that sought (and succeeded) in having the state court appoint a receiver over the security.  The defendants here, the guarantors, are being sued on the guaranty, which is separate and distinct from the promissory note and property which secures the note.  Because guarantors do not benefit from the "one action rule," a separate suit may be brought against them.  *See Coombs v. Heers*, 366 F. Supp. 851 (D. Nev. 1973).

Where the state court action is limited solely to having a receiver appointed over the property and the federal action seeks to collect from the guarantors, this court does not find that the "two proceedings are 'substantially similar.'" *Nakash v. Marciano*, 882 F.2d 1411, 1416 (1989) (holding that substantial similarity is sufficient basis for abstaining pursuant to *Colorado River*).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Johnny A. Ribeiro, Jr.'s motion to dismiss, or alternatively, to remand to state court (doc. #10) be, and the same hereby is, DENIED.

DATED February 14, 2012.

_____
**UNITED STATES DISTRICT JUDGE**